You need to go ahead and retain your mask, please. You need to retain your mask, please. Okay, Mr. Good morning, everyone. Because my abbreviated amount of time forgive me for getting right to the issues, but there's two points two main points. I'd like to make first is that the video evidence provided a clear blatant and overwhelming video evidence that Mr. Soto spit on the face of officer Zuniga that is at 111 40 at that time. You can see and you can hear viscerally the sound of spitting on his face. The second point I'd like to make or emphasize is that is that at best Mr. Soto focuses on cases involving officers after encountering passive resistance rather than action taken in response to the spitting on the face of an officer who then has to get control of the situation. Soto was not responding. I'm sorry. Soto Zuniga was not responding to resistance at that point. He was simply trying to get control of a situation the cases. He runs to site have more to do with reacting to passive resistance. He was only trying to get control of the situation. What I would ask the court to consider is once an officer has been spit on in this circumstance officer Zuniga. He has three options the first he could drive off without a seat belt, which would be unlawful dangerous and against department policy second. He could wait for help, but there's no guarantee that it won't be spit upon again. And third he can remove Soto place on the ground to secure him and wait for assistance and a spit guard. We should not be reviewing or second-guessing a split-second decision made by an officer at the scene in an attempt to get control of a circumstance. I refer the court to the my reply brief at 3 in which Zuniga's use of force and removing him from the vehicle and putting on the putting him on the ground was reason. I have a more basic question. The district court said there were fact factual disputes that matter to the question of qualified immunity, etc. What is that fact dispute that the district court found because I had trouble finding the fine. Honestly, your honor. I have no idea of the problem with that is I see I hear this a lot. Oh, there's fact issues as a way of just avoiding identifying what this fact issues are. I have not seen any because the unequivocal video evidence shows what the facts are as best. I could figure the fact issue would be whether he spit but the video shows that what degree of force was used but the video shows that what happened after that but the video shows that and when the video provides unequivocal evidence to support that there are no fact issues that is part of the jurisdictional question presented by Mr. Clinton saying that because there's a fact issue the court doesn't have jurisdiction. That's why I'm asking about it. I want to know because we cannot decide the genuineness of the determination of a fact issue but we can decide the materiality but to decide the materiality we have to know the material and I'm just struggling because I don't see where the district court said I think there's a dispute over whether X happened or whether Y happened. So that's the part that I'm trying to understand. Where is that? Is that in the record? Can I find it? Did I miss it? I'm just trying to get there. I could not find it. The judge did not identify it in his order. Okay. So should we remand for the district court to tell us what the fact dispute is or the fact? I don't think the court needs to because we get back to the video evidence. He cannot provide a sham affidavit saying that oh something happened or didn't happen when you have the specific. I know but if we're trying to determine whether you know the materiality of the factual dispute that led to the district court's ruling don't we need to know what the fact dispute is even if it ultimately is incorrect. That's a separate question. The genuineness of the fact dispute is not something we can determine but the materiality is if he said well, there's a doesn't matter in the case then we would say well, okay, maybe there's a dispute but it's not material. I agree your honor. However, what I would point out is that it's the plaintiff in this case burden to establish the officer is not entitled to qualified immunity to get over to get past that entitlement. He's got to identify a fact issue not necessarily the court, but the plaintiff in this case would have to identify the fact issue to say that is the fact issue and this is why the qualified immunity cases we submitted including most recently Bambi South Haven and Trevino Behance provide that the failure to identify a case that is pretty much whatever his facts are alleged that specifically show that those facts would establish constitutional violation. I would actually specifically refer the court to the Rich v. Palco case in which the court said that if we're a suspect where a suspect repeatedly spits at officers and he's taken down from the chair to the floor in a process hits him hits the suspect on a cabinet on the way down in that circumstance. There's no clearly established constitutional violation. They have not identified whatever the facts are that they want to say present a fact issue or present facts that would be entitled them to avoid qualified immunity. They have not identified any case that would say this is close enough and therefore they're entitled to overcome the qualified immunity assumption. Mr. Intentionally used force on Mr. Soto's face force on his face. No your honor. What happened was if you could see the video and I've got the specific timeline on my reply brief reply brief at 3 you show them holding him down for about 66 seconds. What happens is they pull him out of the video in the video you could see they pull him out of the vehicle place him on the ground. He puts it officer Zuniga puts his knee on the suspects back for a moment to get control of him. You could see him go like this with his sleeve to wipe his spit off his face. But there's no unit and you see him holding him down with his hands, but you never see him going like this up and down with his hands and you never see him doing anything other than struggling to get him secured on the ground to hold him down. That's the most you see in the video of anything happening. Although they make allegations in the briefing and in their pleadings that he jumped up and down on him and that he struck him several times with his hands. There's no evidence of that. There's no testimony of that. He specifically Mr. Soto specifically said he couldn't remember what had happened and he did agree that he had spit but he says it's not in the direction of the officer. The evidence itself does not show anything actually happening jumping up and down the officer and the on the suspect and the entire incident occurred in less than two minutes within two minutes. Everything was okay. They had calmed down and within nine minutes they had picked him up and put him back in the car. After that Mr. Soto continued speaking joking it seems about what had happened and all that. So there's no evidence that he was violently injured. He didn't he refused ambulance service at the scene. He later went to the hospital and after that my understanding is he did not see any other medical providers. There's no evidence that his face would have been damaged by this by the spit guard. I'm sorry. Say it again. There's no evidence that his face could have been damaged by putting the spit guard. No, your honor. The spit guard itself is like a ski mask. And then on top of that is the red man suit which is looked like a lacrosse helmet. It's a foam helmet, but that would not have hit him the injury to his face. He had a hairline. I'm sorry. I'm finished my injury that he had was a hairline fracture on his on his cheek and to his tooth. And that was my understanding was when he was first taken down and put on the ground. All right. Thank you. Mr. Aguilar. You've saved short time for rebuttal. Mr. Gleason. Good morning. May it please the court Jimmy Gleason on behalf of appellant Ulysses Bautista your honor. Mr. Bautista is claiming qualified immunity. And as the court well knows that shifts the burden to the plaintiff to establish each of the three required elements would like to walk you through the factual situation from my client's particular perspective. It is different in fundamental and important ways from Mr. Aguilar. Do you have any reference to what the district court found the fact dispute was? No, your honor. I do not. You don't have it either. So we'll ask your opponent. So go on. Mr. Bautista did not effectuate the stop. He came in to provide cover in the bar district at one o'clock in the morning. He was in a position where he was observing the activities of his fellow officer and making sure that there were no problems from his position. He was able to watch Mr. Soto perform field sobriety test based on his training experience. He was of the opinion that he was a too intoxicated to drive. He watched his fellow officer provide a portable breathalyzer test subsequent to that. He was placed under arrest. The only reasonable conclusion that a reasonably a reasonable officer in that situation could take away from it was that there was probable cause for an arrest for driving while impaired. He was placed in cuffs. He was moved to the patrol vehicle as he was getting into the patrol vehicle. Mr. Bautista was five to eight feet behind and it is visible on the video from where Mr. Zuniga was at when he was placing Mr. Soto into the vehicle. It is clearly audible your honors on the video that there was a spit. It's 100% irrelevant and perhaps judge Haynes this might address your concern regarding the materiality of the fact dispute. It doesn't matter from my client's perspective whether he sat on him. He heard the spat from the position. He was at he had a reasonable belief that his fellow officer had been assaulted that this individual was resisting arrest literally within seconds. My client and in fact, I think if you actually look from the time of the spit to the time, Mr. Soto is on the ground. It's less than four seconds. My client was behind was not in a position to interfere merely to observe. He gets on the ground. Now there is a fact dispute. I think that plaintiff will bring up as to whether or not he was continuing to struggle once he was on the ground, but in approximately 11 seconds later, my client kicked him one time. It is in the record that based on his experience of training my client understood that intoxicated persons behaving erratic manners that they are dangerous that he has witnessed people who are handcuffed use weapons. All of these are reasonable experiences reasonably objective understanding of an experienced law enforcement officer based on that. He determined there was a need for the minimal application of compliance force one kick your honor one kick with a tennis shoe clad foot one kick with the tennis shoe clad foot to the zone so named because by kicking is it green zone versus a red zone. It is a deliberate effort by the law enforcement officer to inflict compliance rather than inflicting an injury. Those are the relevant facts from my client's perspective. Now addressing the three elements of excessive force. The first was was there an injury? Mr. Soto admitted during his deposition that the only complaint he had regarding my client was that kick the only injury. He claims was bruised ribs and photographs of those bruised ribs. And of course when I asked him about the photographs, he said he'd given him to his attorney, but they weren't in the record. They were never supplied. And even if they were the video clearly shows consistent with my client's testimony that the one kick was in the oblique area. The injury at best is diminished de minimis. The second problem, of course, is that the injuries that occurred were directly related to the application of force. The injury Judge Clement that you were inquiring about earlier on the face in all likelihood occurred when officers Uniga pulled Mr. Soto out of the car. No one is suggesting that my client inflicted that particular injury. Third, and of course, it's the more interesting matter for argument is the objective test as to the unreasonableness of my clients behavior. Your Honor. Your Honor using the familiar Graham test. Mr. Soto had committed at least three crimes that my client reasonably believe and had probable cause to assume or conclude rather than committed driving while impaired resisting arrest assaulting a police officer. Each of these incidents were escalating in nature. Even though Mr. Soto was handcuffed while he was laying in the street. It didn't mean that he wasn't an immediate threat. He continued to move around and based on my client's experience. He knew that handcuffed persons can be a threat. If you thrashed around and injured himself, we might be having a conversation about well, you failed to restrain him in a proper manner, but that isn't the case here. He was actively resisting and unlike the cases that the appellate I'm sorry, the appellate sites in his brief. This was a situation where the officers responded to a higher and active level of resistance rather than being the ones who actually created the increasing level and escalating level of the use of force. Your Honor, I would conclude by noting that with respect to the bystander liability. Mr. Soto's failed to cite even a single case. I would direct you to the Joseph case that was recently decided. I believe in late 2020 that shows that where you failed to even advance the argument regarding bystander liability with supporting casework that it necessarily fails. Thank you. Thank you, Mr. Gleason. You've saved a short time for a bow. Mr. Johnson. Good morning and may it please the court. Appellate presents two primary issues on appeal. First is that under controlling Supreme Court precedent appellants have not established jurisdiction for their interlocutory appeal. So this court should dispose of it out of hand. This is so because they were denied summary judgment on a purely factual basis and that factual basis is what many things I you but what the district court said your honor the district court mentioned factual issue that the existence of factual issues and jury issues at least on at least 22 pages of the transcript. I can give you all the all the sites to but what were they what were the fact issues not are there fact issues you said that but what were they right. So the district court didn't didn't distill in any kind of clear list what the fact issues are but the fact issues from even even both opposing counsels presentations are absolutely clear which is the objective reasonableness of the force. Hey that's not a fact issue. That's a legal question. What else. It also includes the the whether or not there was resist resistance opposing each opposing counsel had had different arguments about what and how much resistance there was whether or not there was resistance and the effect of it. So that's absolutely a fact issue for a jury to determine and and in addition you know there's much talk about spit and undisputed facts and this and that and the other what is not clear in the video and I slowed down the video I watched it at half speed frame by frame full speed any way that you can find it. Spit is not visible in the video and my client. Yes it is. You can see that he's either way. He says he admitted that he's fat but he said it wasn't at the officer it was sort of towards the option but not at the officer and blah blah blah but there's clearly a spit even you know whether or not there was spit that the qualified immunity analysis remains the same as does the jurisdiction doesn't because if he was sitting calmly in the car and the officer needs to put on the seatbelt and then just throws him on the ground and starts beating him and that's a problem. Okay, but if he is resisting that by spitting and whatever else he's doing that's when there becomes a problem. So yes it does matter when you're resisting versus when you're sitting there calmly. So your honor the phrasing of your question speaks to the fact issue itself. You said you know when he was spitting and whatever else he was doing you know qualifying as resistance. First of all we argue that that spitting itself is not necessarily active inactive resistance. First of all and secondly the the whatever else is going on both in terms of at the time of the alleged spitting and while he was on the ground whether or not that was resistance is absolutely a fact issue that that a jury needs to determine whether or not him writhing in pain was resistance or him writhing in pain and if it was resistance whether or not it was active or passive resistance over the course of the nine minutes that he was held on the ground by the knees of the officers and even even if even if this court decided that there were that you know that the facts are disputed as as my friends on the other side of argued with respect to the video evidence that doesn't necessarily create interlocutory jurisdiction for this court because what the Supreme Court said in Ortiz is that even when there is an undisputed factual record what their what interlocutory appeals for unqualified immunity look for are purely legal arguments about the clarity substance and clarity of existing law which is right and so the objective reason is so was it reasonable for them to take him down when he spat at them that is something we can address you know if there are if there are fact issues that the district court determined then we can't decide the genuineness of that but we can decide the materiality like I said the red and brown jacket what could say I don't think there is a dispute over red versus brown we cannot say that that's a genuineness question but we can say it is immaterial whether his jacket was red or brown so that's the point I'm trying I'm not trying to be difficult here but I am very concerned about the fact that I don't know what the district court found and how am I supposed to assess the materiality of that if I don't know what it is right so then the question is do we need to make a limited remand for the district court to make that determination or is there something here we can just decide on you're saying we can't decide anything because we like jurisdiction but your lack of jurisdiction argument is based on his factual dispute finding and we don't know what that is right so a limited remand could absolutely be appropriate but whether or not this court does you and that this is an issue of materiality Apelli does still win on the merits in with respect to overcoming qualified immunity so to answer your question directly yes a limited remand would be appropriate giving the district court the chance the giving the district court the opportunity to clarify what it meant when it said on 22 separate pages of the transcript that there are fact issues it can't be a fact finder it needs a jury I believe what this what this court would find is that you know the the fact issues about whether or not there is resistance the timing the the justifications the the repute the trustworthiness of the depositions of the testimony of the officers and now what about the fact that we have the video and so even if there's a dispute between the parties when the video is into the maybe we don't need a limited remand because we have an unlimited video absolutely when when the video is clear that's one thing but the video is not clear as to the entire duration of the time that that mr. Soto had been thrown to the ground and was being pinned down by the officers for that entire nine minutes it's what's going on the video during that portion is not so crystal clear that there can't be multiple interpretation so when there are multiple multiple interpretations of a video that is for a fact finder to interpret and for a fact finder to find who whose testimony whose version of events is more credible with respect to qualified immunity in particular it has been clearly established in the circuit since at least 2013 that it is objectively unreasonable for officers to tackle an individual who is not fleeing not violent not aggressive and only offering minor resistance that's versus the circuits case in 2017 and the only possible justification for any force that was used was the alleged incident of spitting and that does not justify nine minutes of being thrown on the ground face first being pinned down and being kicked whatever officer Batista and officers you need a claim about you know him moving around on the ground was him resisting or trying to get away as opposed to writhing in pain which would be in line with his screaming in pain and their own judgments and where where mr. Soto was kicked and whether it was the red zone of the green zone and the extensive extent of his injuries those are all also fact issues but also it shows that it was a high degree of force in response to an action in the form of the that was not that is not a form of resistance it's not a form of trying to get away it's not a form of fleeing and to the extent that it even could be classified as resistance it is certainly not active resistance it's not the same as other cases which we cited in our response brief that involve things like kicking head-butting trying to run away things like that so we have a high force which as mr. Batista's attorney pointed out occurred the first instance of this high degree of force occurred within four seconds after the alleged spitting that is a very fast immediate escalation which this court has in Newman vs. Gordry said that the speed of escalation and whether or not there were de-escalation tactics whether or not there was negotiation lower uses of proper escalation is absolutely something that should be considered in the qualified immunity analysis so we have the degree of force we have the speed with which the force was used we also have the lack of resistance and lack of attempt to flee you know whether or not he was intoxicated and intoxicated people generally can be unpredictable we don't have evidence of the officers being injured we don't have evidence of mr. Soto trying to give get up and run away we don't have evidence mr. Soto trying to escape the pin that he was in by you know the officers alternating dropping their weight on him with their knee toward the top of his shoulders back of his head area so we we have no resistance there and in each use of force requires its own justification so when we're looking at the kick by officer Batista in particular we have to see what caused the kick and it can't just be a generalized fear of maybe this person could possibly do something that might create a security situation the video shows and a jury could find that the video shows that there was that there was no security risk once he was out of the car and on the ground the video also shows that he was no security risk when he was in the car the only thing the officers needed to do at that point was putting a seatbelt on and close the door and then the incident is concluded at that point and we can see that because they took him out of the car and immediately use force you know that there was no de-escalation that there was no there are lower there are lower uses of force that could have been used could have been considered but were utterly ignored and were not used or that like I said there there are numerous things that they could have done including governor's mouth put on the seatbelt and close the door and additionally there was the fact that apart from the alleged spitting mr. Soto was compliant defenseless handcuffed and like I said in the car before he was placed as a generous term on the ground slammed onto the ground so that this falls squarely within the set of cases that this court has routinely determined are not entitled to qualified immunity beyond that the use of the red man suit was itself a continuing use of force insofar as it further aggravated mr. Soto's broken face because it was not a necessary tool to effectuate the being further spit upon the spit guard did that you know that mr. Soto testified that it was you know uncomfortable and this and that the other but you know that itself is not a use of force that the red man suit that further aggravated the injuries and that he eventually convinced the officers to take off was a continuing use of force without again an additional justification so just just to summarize what what the what the case law says when officers are responding to these on the street responses this court has routinely and consistently looked at things like whether or not the suspect was handcuffed whether or not the suspect was resisting the timing of the force the objective actions that were taken by a suspect to justify each use of force Ramirez versus Martinez for example this court was sure to emphasize that the use of a taser after the suspect was already handcuffed already on the ground was even more clearly excessive than what led to the suspect in that case being handcuffed and we was already on the ground and yet he was kicked and again in Newman the the determining factor there was the speed of the escalation and then even on a broader scale there there are cases like Cooper versus Brown that have said unequivocally that the factor analysis of determining whether or not there was excessive force can itself be a means of overcoming qualified immunity so these you know plaintiff excuse me a Pele has cited six examples that are similar to this one where we're seeing low levels of resistance controlled and mostly compliant suspect in the face of a high degree of force and three counter examples where there is actually a degree of force there is actually a justification to use force to control a situation none of which are present here so that that more than overcomes the qualified immunity standard that that this court of course has to contend with so between the fact that you know that there are open factual questions that of course the district court can and should be able to clarify and the fact that you know was handcuffed defenseless they knew that he was unarmed and again aside from the alleged spitting had been compliant they decided to throw him on the ground face first and kick him while he was down anyway and and additionally with respect to fact issues one of the fact issues is when the face break occurred my friends on the other side testified to the fact that you know the the break of his face can't be attributed to mr. Batista because it quote likely occurred when he was thrown face first on the ground but that's not clear from the record and a fact issue for the jury to decide what injuries were sustained in one and a Pele further argues that bruised ribs are a more than diminished de minimis injury because of the seriousness of the pain experienced as well as the potential for for damage to that area but it's it's a common schoolyard principle that you should not kick somebody when they're down which apparently is lost on the McAllen Police Department and it's it's for these reasons and because of the speed of the escalation the degree of the force the compliance of mr. Soto apart from the alleged spitting the duration of the force it's for all of these reasons that a Pele has clearly and easily overcome qualified immunity over yet overcome qualified immunity the respect and this court should reverse and remand so that these fact issues can be sussed out by a jury we should reverse excuse me I'm used to being the appellant we're commonly the appellants this court should affirm and remand for further proceedings thank you for helping me clarify your honor this court should affirm the district courts correct decision and remand for further proceedings with a possible jury trial I thought you'd be telling us that we should dismiss the appeal for one of jurisdiction because of a disputed issue of material facts yes it's an alternative you know it's an alternative argument in terms of this court should dismiss the appeal and either remand for the for the district court to clarify as judge Haines suggested or if this court chooses to exercise jurisdiction at this point without further clarification then it has everything that it needs in front of it to affirm the district courts correct judgment and proceed to a jury trial and in instigate those further proceedings thank you mr. Johnson thank you your honors first of all let me make clear that I'm asking the court to reverse and render the judgment of second I'd like to point out that this is not a passive passive resistance case this is a takedown case the question the court is having to evaluate is whether the degree of force used was reasonable in light of the fact of a need for a takedown at that particular moment the argument made was more than just the takedown it's once he's down what y'all are doing and I think if you look at if you did if you look at the evidence that was presented the evidence provides that the only injury that occurred was when he was taken down there was some scuffling on the ground and there's plenty of cases that say when the suspect is still scuffling there can be additional injury but he hasn't identified any additional injury that occurred on the scuffling or after whether there was passive resistance or not he was on the ground and the officer was trying to simply to hold him down while they awaited the spit guard to come from the supervisor he did not have it there with him the second point that I'd like to make and most importantly this is a summary judgment case at the court reviews the evidence in light of the fact most favorable to the plaintiff but it's got to review evidence not simply allegations the evidence has to show that there's some prior case law based on similar cases based on similar factual allegations similar evidence either under Rivas Viegas Kiesler or Emmons there's a factual scenario similar to this scenario that would show that this officer's action in taking him down and putting him to the ground arranging him while he's might be squirming on the ground whether the actions of that particular officer in doing those things that the evidence shows happened violated his constitutional rights there is no such case for that matter as I mentioned earlier the closest cases the Palco Richard Palco case which was very similar in fact and the court found there was no violation again I'd ask the court to reverse and render. Thank you, Mr. I would respectfully submit that there are no material facts in dispute with respect to my client the suggestion that there is anything in the record that suggests that my client caused a facial injury. To Mr. Soto is false it simply isn't there Mr. Soto admitted that the only complaining had with my client was the 1k my client testified and it's in the record 1k it's visible plainly in the video it's in to the oblique but is it okay to kick someone that you don't have a reason to kick your honor I believe he did have a reason to kick him. He kicked him. That's the dispute whether he was really resisting or whether he was just kind of like in pain kind of going like this your honor there is significant circuit precedent that talks about the temporal element of the application of force all of this happened the kick happened within 15 seconds of the spit the entire use of force incident was around a minute. That's all they claim which is contradicted plainly by the videotape that they bounced up and down on him for nine minutes in fact they claim that my client bounced up and down with nine minutes in the pleadings but they don't have any facts because it didn't happen if you look at the videotape and I described this in my brief there were other police officers on the scene my client is seen is seen leaving well while the other officers still on top of him and he's gone and yet they claim in their pleadings that these two officers took turns jumping up and down on that's not evidence it's simply not evidence so the suggestion that is a material fact question as to whether my client or their client or somebody else did it it's irrelevant to my client's case your honor Ortiz simply doesn't apply in this situation Ortiz was a situation where the court found that the appellate had essentially waived qualified immunity because they failed to raise it pretrial the Ortiz case procedurally was post trial an entirely different situation here if we were to spend the logic of the appellee's argument regarding the jurisdictional question anytime a district court judge says there's a fact dispute doesn't enter a specific finding of facts then the appellate court is beholden to find out what the heck do you think the fact is and I appreciate that in circumstances where there are genuine material issues material fact it would be appropriate in this case with respect to my client the facts are not the material facts are simply not in dispute it was one kid temporarily related to an incident of escalating violence and criminality on the part of the plaintiff thank you your honor thank you mr. Gleason your case both of today's cases are under submission and the court is in recess under the usual order